UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHALID MEHMOOD,

    Petitioner,

v.

LORETTA LYNCH, et al.,

    Respondents.

CASE NO. C16-0676-RSL-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner Khalid Mehmood, who is proceeding through counsel, seeks release from immigration detention in this 28 U.S.C. § 2241 habeas action. He maintains he is entitled to release because his detention by U.S. Immigration and Customs Enforcement ("ICE") has become indefinite within the meaning of the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (Dkt. 4 at 3.) Respondents have moved to dismiss, arguing petitioner is lawfully detained and has failed to show his detention is indefinite. (Dkt. 9.) Petitioner did not file a response.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that respondents' motion to dismiss be GRANTED, petitioner's

REPORT AND RECOMMENDATION
PAGE - 1

habeas petition be DENIED, and this action be DISMISSED with prejudice.

## BACKGROUND

Petitioner is a native and citizen of Pakistan. (Dkt. 11-1 at 10.) On February 6, 2015, he applied for entry to the United States at the San Ysidro, California, Port of Entry. (Dkt. 11-2 at 2.) Petitioner did not have any valid documentation allowing him to enter the country, and he requested asylum, stating that he feared he would be harmed by the Taliban if he were to return to Pakistan. (*Id.*; Dkt. 11-3 at 5.) Department of Homeland Security ("DHS") officials determined petitioner was inadmissible and issued a Notice and Order of Expedited Removal. (*Id.*) He was taken into ICE custody pending a credible fear interview with an asylum officer. (*Id.*) The asylum officer found that petitioner's fear of return to Pakistan was credible, and on March 3, 2015, his case was referred to an Immigration Judge ("IJ") so he could apply for relief from removal. (Dkt. 11-1 at 10; Dkt. 11-4 at 2.)

Following an individual hearing on July 29, 2015, the IJ denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed to Pakistan. (Dkts. 11-5 & 11-6.) Petitioner waived appeal, and his removal order became final the same day. (Dkts. 4 at 3 & 11-6.)

On August 11, 2015, ICE sent a letter and related materials to the Consul General of Pakistan, requesting a travel document for petitioner. (Dkt. 11-7.) On June 17, 2016, an official from the Embassy of Pakistan interviewed petitioner for the purpose of facilitating the issuance of a travel document. (Dkt. 10 at ¶ 5.) Shortly thereafter, the Embassy notified ICE that it likely would issue a travel document for petitioner in approximately six months. (*Id.*) ICE is not aware of any barriers that would prevent petitioner's removal once the travel document is issued. (*Id.*)

REPORT AND RECOMMENDATION
PAGE - 2

Since petitioner's arrest at the border, he has remained in ICE custody. ICE officials reviewed his custody status in April 2015, December 2015, and February 2016. (Dkts. 11-8, 11-9, 11-10, 11-11, 11-12, 11-13.) Each time, they determined to continue his detention because, among other reasons, he was a flight risk based on his final order of removal and an enforcement priority based on his recent entry. (*See* Dkts. 11-8, 11-9, 11-10, 11-11, 11-12, 11-13.)

On May 11, 2016, petitioner initiated the instant habeas action to obtain release from detention, asserting that his detention has become indefinite because his removal cannot be effectuated in the foreseeable future. (Dkt. 4 at 3.) He also asserts his belief that ICE has made no specific efforts to obtain a travel document from the Embassy. (*Id.*) As noted above, petitioner filed no response to respondents' motion to dismiss.

## DISCUSSION

Title 8 U.S.C. § 1231 governs the detention and release of aliens, like petitioner, who have been ordered removed. Under 8 U.S.C. § 1231(a), DHS[1] is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). The removal period is extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE - 3

conspires or acts to prevent the alien's removal . . . ." 8 U.S.C. § 1231(a)(1)(C).

After the removal period expires, DHS has the discretionary authority to continue to detain certain aliens, including petitioner, or to release them on supervision. 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6) implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit "indefinite" detention. 533 U.S. 678, 701 (2001). Detention becomes indefinite if, for example, the country designated in the removal order refuses to accept the alien, or if removal is barred by the laws of this country. *Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008).

The Supreme Court determined that it was "presumptively reasonable" for DHS to detain an alien for six months following entry of a final removal order while it worked to remove the alien from the United States. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the alien's showing, the alien is entitled to habeas relief. *Id.*

As the Supreme Court has noted, the six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nevertheless, courts must remember "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner's post-removal order detention, which began on July 29, 2015, has greatly

REPORT AND RECOMMENDATION
PAGE - 4

exceeded six months. But he has not provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Instead, he has baldly asserted that his "removal cannot be effectuated in the foreseeable future" and that he believes "ICE has made no specific efforts to obtain travel documents from Pakistan" on his behalf. (Dkt. 4 at 3.) The record, however, shows that ICE has requested a travel document on behalf of petitioner and the Embassy interviewed him on June 17, 2016. (Dkts. 10 & 11-7.) Shortly after the interview, an official at the Embassy informed ICE that a travel document for petitioner likely would issue in approximately six months. (Dkt. 10 at ¶ 5.) Although the process is moving slowly, it appears to be progressing. Nothing suggests that petitioner's continued detention is indefinite. His habeas petition should be denied.[2]

## CONCLUSION

The Court recommends that respondents' unopposed motion to dismiss (Dkt. 9) be GRANTED, petitioner's habeas petition (Dkt. 4) be DENIED, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

---

[2] The Court notes that petitioner has not received a bond hearing. In the Ninth Circuit, aliens generally are entitled to a bond hearing after the six month presumptively reasonable period expires. *See Diouf v. Napolitano*, 634 F.3d 1081, 1084-85 (9th Cir. 2011). Nevertheless, because petitioner is proceeding through counsel and did not request a bond hearing in his habeas petition or in a response to the motion to dismiss, the Court declines to consider the issue.

REPORT AND RECOMMENDATION
PAGE - 5

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 9, 2016**.

DATED this 23rd day of August, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6